**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **CEDAR LANE TECHNOLOGIES INC.,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**BEFUNKY, INC.,**<br><br>**Defendant.** | **Civil Action No. ______________**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cedar Lane Technologies Inc. ("Cedar Lane"), through its attorneys, complains of BeFunky, Inc. ("BeFunky"), and alleges the following:

### PARTIES

1. Plaintiff Cedar Lane Technologies Inc. is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 560 Baker Street, Suite 1, Nelson, BC V1L 4H9.

2. Defendant BeFunky, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 2117 NE Oregon St. Ste. 301, Portland, Oregon 97232.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it is incorporated in this District's state.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is incorporated in this District's state.

## PATENTS-IN-SUIT

7. Cedar Lane is the assignee of all right, title and interest in United States Patent Nos. 6,972,774 (the "'774 Patent"); 7,324,689 (the "'689 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Cedar Lane possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

### The '774 Patent

8. The '774 Patent is entitled "Image processing system for inserting plurality of images into composite area, and medium," and issued 12/6/2005. The application leading to the '774 Patent was filed on 12/18/2000. A true and correct copy of the '774 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '774 Patent is valid and enforceable.

### The '689 Patent

10. The '689 Patent is entitled "Method and system for removal of red eye effects," and issued 1/29/2008. The application leading to the '689 Patent was filed on 7/5/2005. A true and correct copy of the '689 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The '689 Patent is valid and enforceable.

**COUNT 1: INFRINGEMENT OF THE '774 PATENT**

12. Cedar Lane incorporates the above paragraphs herein by reference.

13. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '774 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the BeFunky products identified in the charts incorporated into this Count below (among the "Exemplary BeFunky Products") that infringe at least the exemplary claims of the '774 Patent also identified in the charts incorporated into this Count below (the "Exemplary '774 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '774 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

14. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '774 Patent Claims, by having its employees internally test and use these Exemplary Products.

15. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

16. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '774 Patent. On information and belief, Defendant has also continued to sell the Exemplary BeFunky Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '774 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '774 Patent.

17. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '774 Patent, literally or by the doctrine of equivalents, by selling Exemplary BeFunky Products to their customers for use in end-user products in a manner that infringes one or more claims of the '774 Patent.

18. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '774 Patent, literally or by the doctrine of equivalents, by selling Exemplary BeFunky Products to their customers for use in end-user products in a manner that infringes one or more claims of the '774 Patent. Moreover, the Exemplary BeFunky Products are not a staple article of commerce suitable for substantial noninfringing use.

19. Exhibit 3 includes charts comparing the Exemplary '774 Patent Claims to the Exemplary BeFunky Products. As set forth in these charts, the Exemplary BeFunky Products practice the technology claimed by the '774 Patent. Accordingly, the Exemplary BeFunky Products incorporated in these charts satisfy all elements of the Exemplary '774 Patent Claims.

20. Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

21. Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 2: INFRINGEMENT OF THE '689 PATENT

22. Cedar Lane incorporates the above paragraphs herein by reference.

23. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '689 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the BeFunky products identified in the charts

incorporated into this Count below (among the "Exemplary BeFunky Products") that infringe at least the exemplary claims of the '689 Patent also identified in the charts incorporated into this Count below (the "Exemplary '689 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '689 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

24. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '689 Patent Claims, by having its employees internally test and use these Exemplary Products.

25. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

26. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '689 Patent. On information and belief, Defendant has also continued to sell the Exemplary BeFunky Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '689 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '689 Patent.

27. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '689 Patent, literally or by the doctrine of equivalents, by selling Exemplary BeFunky Products to their customers for use in end-user products in a manner that infringes one or more claims of the '689 Patent.

28. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '689

Patent, literally or by the doctrine of equivalents, by selling Exemplary BeFunky Products to their customers for use in end-user products in a manner that infringes one or more claims of the '689 Patent. Moreover, the Exemplary BeFunky Products are not a staple article of commerce suitable for substantial noninfringing use.

29. Exhibit 4 includes charts comparing the Exemplary '689 Patent Claims to the Exemplary BeFunky Products. As set forth in these charts, the Exemplary BeFunky Products practice the technology claimed by the '689 Patent. Accordingly, the Exemplary BeFunky Products incorporated in these charts satisfy all elements of the Exemplary '689 Patent Claims.

30. Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

31. Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

32. Under Rule 38(b) of the Federal Rules of Civil Procedure, Cedar Lane respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Cedar Lane respectfully requests the following relief:

A. A judgment that the '774 Patent is valid and enforceable;

B. A judgment that the '689 Patent is valid and enforceable;

C. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '774 Patent;

D. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '689 Patent;

E. An accounting of all damages not presented at trial;

F. A judgment that awards Cedar Lane all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Cedar Lane for Defendant's infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Cedar Lane be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

ii. that Cedar Lane be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Cedar Lane be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: December 11, 2019

Respectfully submitted,

*Of Counsel*:

Isaac Rabicoff
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

*/s/ George Pazuniak*
George Pazuniak (DE Bar 478)
O'KELLY & ERNST, LLC
824 N. Market St.
Suite 1001A
Wilmington, DE 19801
Tel: 302-478-4230
Email: GP@del-iplaw.com

***Counsel for Plaintiff***
***Cedar Lane Technologies Inc.***